**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-2103-MSK-CBS

Avantgarde Surgical, Inc., a Colorado Corporation and
Advanced Surgical Support, Inc., a Colorado Corporation,

      Plaintiffs,

v.

ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., a Colorado Corporation,
d/b/a Anthem Blue Cross and Blue Shield; and HMO COLORADO, INC., a Colorado
Corporation,

      Defendants.

---

**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIALITY**

---

      The parties hereto recognize that some of the information, documents, and other things

requested under the discovery rules of the ~~Colorado~~ Federal Rules of Civil Procedure may

include medical or other confidential information of the party or third parties for whom one of

the parties has provided medical services and/or health insurance.  Accordingly, the parties

hereby provide for the designation of information, documents, and other things as confidential

(as set forth below) and therefore subject to this Protective Order. Therefore, pursuant to Rule

26(c) of the ~~Colorado~~ Federal Rules of Civil Procedure and by agreement of the undersigned

counsel,

      IT IS HEREBY ORDERED that:

      1.     Whenever a party in this case designates any documents, interrogatory answers,

admissions, things, deposition testimony, or other information furnished by that party (the

Producing Party) to any other party (the Receiving Party), that information (designated

information), whether in the form of documents, interrogatory answers, admissions, things, deposition transcripts, or otherwise, shall have stamped or written upon it one of the two following designations as determined by the Producing Party:

      a.     "Confidential -- This Document is Subject to Court Order"

      or

      b.     "Confidential Counsel -- This Document is Subject to Court Order".

All tangible items so designated must be visibly marked on each page or separate item by the Producing Party:

      c.     "Confidential -- This Document is Subject to Court Order"

      or

      d.     "Confidential Counsel -- This Document is Subject to Court Order".

Prior to designating any document as Confidential under any of the above categories, the documents must be reviewed by an attorney of record. Marking the document as confidential constitutes a certification that the document has been reviewed by an attorney of record on the case and that the designation is made in good faith belief that the information is confidential or otherwise entitled to protection under C.R.C.P. 26(c)(6).

      2.     Designated information furnished in the form of testimony shall be designated on the record prior to or at the time any such testimony is taken, or designated in writing within a reasonable time not to exceed fifteen (15) days after the transcript of the testimony has been received by the party asserting confidentiality. All depositions shall be treated as confidential for

a period of at least fifteen (15) days after a transcript is received.

The cover page, those portions of the original transcripts and all copies of deposition transcripts which contain protected subject matter shall bear the legend "Confidential -- This Document is Subject To Court order or "Confidential Counsel -- This Document is Subject to Court Order", and if filed with the Court, at least the confidential portion shall at the time of filing be submitted in a sealed envelope identified as being "Confidential -- This Document is Subject to Court Order" or "Confidential Counsel -- This Document is Subject to Court Order" as provided in paragraph 9 below.

All designated information shall be held by the Receiving Party in confidence and used solely for the purpose of this case, and shall be returned to the Producing Party or destroyed within sixty (60) days after the conclusion of the litigation along with all the existing copies made of that information by the Receiving Party, or the documents, if retained, will remain subject to this confidentiality provision after conclusion of the litigation.

3.      All information designated "Confidential Counsel -- This Document is Subject to Court Order" shall be subject to the following additional restrictions:

It shall be held in confidence by outside trial counsel, their employees and consultants and the expert witnesses for the Receiving Party and shall not be disclosed to their respective clients or to anyone else including (but not by way of limitation) any employees of the client including in-house counsel, consultants retained by their clients, or employees of such consultants.

4.      All persons, including trial and in-house counsel and expert(s), shown or given designated information shall be advised of this Order and bound thereby.  Furthermore, with the

3

exception of trial counsel and the secretaries and paralegals of trial counsel, all persons shown or given any designated information shall sign an undertaking in the form attached hereto as Exhibit A.

5.     This Order shall not expand or limit the rights of any party to demand additional information during the course of discovery on any grounds. Subject to the Producing Party seeking relief from the Court as provided in paragraph 8, this Protective Order shall not inhibit the dissemination or use of any designated information if that information has been or is obtained by the Receiving Party -

     a.     from sources which are public, or

     b.     from sources other than the Producing Party under circumstances that place no restriction on the use or disclosure of the information by the Receiving Party.

Nothing in this Order or in any party's compliance with its provisions shall be construed to preclude a party to whom designated information is disclosed from seeking and obtaining the same or other information by discovery request or judicial process in this action.

6.     In the event any designated information is used in any proceeding herein, it shall not lose its designated status through such use and the parties shall take all steps reasonably required to protect such confidentiality against misuse. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

4

7.        Maintenance of the confidential status of any such designated information shall in all cases be subject to further order of this Court and nothing herein shall preclude any party from applying to this Court for any modification of this Order or moving the Court for an order changing the status of any designated information or otherwise relieving the Receiving Party from the restrictions contained in this Protective Order or from applying to the Court for further or additional Protective Orders.  Pending resolution of the matter, an involved item shall be treated in accordance with its designated status. Any designation of information under this Protective Order shall be made by the parties reasonably and in good faith.

8.        Any document containing protected subject matter that is filed with the Court for any purpose shall be filed in a sealed envelope or container marked on the outside with the title of the action and a statement substantially in the following form:

> "Confidential -- This Document is Subject to Court order; or

> "Confidential Counsel -- This Document is Subject to Court Order"

and

> "This envelope (or container) filed by (name of party) is not to be opened nor the contents thereof displayed or revealed except by Court Order or by agreement of the parties."

The obligations under this Protective Order Re: Confidentiality shall survive the termination of this action.

9.        The parties and any other person subject to the terms of this Order agree that this Court shall have and shall retain jurisdiction over it and after this action is terminated for the purpose of enforcing this Order.

10.     The parties to this agreement may change its terms by mutual agreement in writing.

DATED at Denver, Colorado, this 5th day of November, 2008.

BY THE COURT:

*s/Craig B. Shaffer*          

Craig B. Shaffer

United States Magistrate Judge

ENTRY OF THE FORGOING ORDER CONSENTED TO:

*The duly signed original is on file in the office of Hanes & Schutz, LLC*

***s/Timothy J. Schutz***

DATED:      October 28, 2008

Timothy J. Schutz, #17045

HANES & SCHUTZ, PC

102 S. Tejon Street, Suite 800

Colorado Springs, CO 80903

Telephone: 719-260-7900

Facsimile: 719-260-7904

*Attorneys for Plaintiff*

*The duly signed original is on file in the office of counsel*

DATED: October 28, 2008

Kennedy Childs & Fogg, P.C.
1050 17th Street, Suite 2500
Denver, CO 80265

***s/Philip E. Kay***

Philip E. Kay, #38507

Telephone: 303-825-2700
Facsimile: 303-825-0434
*Attorneys for Defendant*