IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02103-MSK-CBS

ADVANTGARDE SURGICAL, INC., a Colorado corporation, and
ADVANCED SURGICAL SUPPORT, INC., a Colorado corporation,

      Plaintiffs,

v.

ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., a Colorado corporation,
   d/b/a Anthem Blue Cross and Blue Shield, and
HMO COLORADO, INC., a Colorado corporation,

      Defendants.

---

**ORDER REGARDING MOTIONS TO REMAND AND TO SEAL**

---

THIS MATTER comes before the Court on two motions: (1) the Plaintiffs' motion **(#9)** to remand the action to state court, to which the Defendants responded **(#19)** and the Plaintiffs replied **(#23);** and (2) an unopposed motion **(#20)** to seal an exhibit to the response to the motion to remand. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the instant motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Motion to Remand

The Plaintiffs commenced this action in the El Paso County District Court. They seek to recover unpaid health insurance benefits for surgical services they provided on behalf of several

patients. Both their original and amended complaints **(#1)** allege violations of Colorado law. No federal claims are asserted in either complaint.

On September 29, 2008, the Defendants removed the action to this Court on the grounds that ERISA preempted the claims as to some of the patients. The Plaintiffs move to remand the case to the state court. They contend that the notice of removal was untimely filed, because it was required to be filed within 30 days of service of the initial pleading, *i.e.*, on September 7, 2008, pursuant to 28 U.S.C. § 1446(b). The Defendants oppose the motion. They contend that they did not know that the action was removable until after they received a spreadsheet on September 12, 2008, showing that some patients were insured under ERISA plans.

Under 28 U.S.C. § 1446(b), the usual time-frame for filing a notice of removal is within 30 days after the defendant receives the initial pleading. However, when the initial pleading does not give notice that the action is removable, the statute also provides that a defendant receives additional time to file a notice of removal:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

An initial pleading does not trigger the 30-day removal period if a defendant is forced to guess whether the action is removable. *See Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999). Rather, notice that the action is removable must be unequivocal, and the defendant must be able to "intelligently ascertain removability." *Id.* at 1078 (citation and

quotations omitted); *see also Akin v. Ashland Chemical Co.,* 156 F.3d 1030, 1036 (10th Cir. 1998) (requiring clear and unequivocal notice).  The Tenth Circuit has expressly declined to impose a duty on a defendant to investigate removability when the initial pleading indicates that the right to removal *may* exist.  *See Akin*, 156 F.3d at 1036.

Here, neither the complaint nor amended complaints gave unequivocal notice to the Defendants that any claims were preempted by ERISA.  The parties do not disagree that the Defendants received a spreadsheet on September 12, 2008, identifying some patients as having coverage under ERISA plans.  Thus, the action became removable on that date, and the removal was timely.

### III. Motion to Seal

By unopposed Motion, the Defendants also seek to seal the spreadsheet they attached with their response to the motion to remand. They premise this request upon a stipulated protective order issued by the magistrate judge for purposes of the discovery process.

The Supreme Court acknowledged a common-law right of access to judicial records in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978).  This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system.  *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002).  Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (J. Kane).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure.  *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

It is within the district court's discretion to determine whether a particular court document should be sealed. *See Nixon,* 435 U.S at 599. Only in the rarest of cases is the sealing of documents appropriate – for example, cases involving intensely personal issues such as abortion or birth control, or cases pertaining to the welfare of children. *See Doe v. F.B.I.*, 218 F.R.D. 256, 259 (D. Colo. 2003).

In furtherance of the common law right of access to court records, the United States District Court for the District of Colorado promulgated D.C.COLO.LCivR 7.2, which provides in relevant part:

> A. Scope. Upon motion and a showing of compelling reasons, a judicial officer may order that:
> 1. all or a portion of papers and documents filed in a case shall be sealed; or
> 2. all or a portion of court proceedings shall be closed to the public.
>
> B. Motion to Seal. Any motion to seal or otherwise restrict public access shall describe, at a minimum:
> 1. the nature of the materials or proceedings at issue;
> 2. the legitimate private or public interests that warrant the relief sought;
> 3. the clearly defined and serious injury that would result if the relief sought is not granted; and
> 4. why a less restrictive alternative to the relief sought is not available. . . .

Such a showing is required to ensure public confidence in the judicial process. It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh*, 119 F.3d at 814.

In this analysis, neither the parties' agreement that a particular document is confidential nor that a document is subject to a protective order is determinative. Only the parties' interests

are at issue with regard to the discovery process. But once a party asks the Court to consider a document in resolution of an issue, the public has an interest in such document. Absent a showing of compelling reasons that override the public's interest, documents filed with the Court should not be sealed from public view.

For these reasons, the parties' statement that the spreadsheet is confidential according to the terms of their protective order does not justify sealing. No other justification for sealing is articulated. However, the Court notes that the spreadsheet contains the names of patients, their doctors and amounts billed and paid for medical services. These individuals may have a privacy interest in such information. In addition, none of the particularized information on the spreadsheet was pertinent to determination of the motion to remand; the Court considered only the undisputed fact that a spreadsheet with such information was given by the Plaintiffs to the Defendants on a specified date. Since the Court did not consider the information in the spreadsheet in making its determination on the motion to remand, there is no public interest in it.

**IT IS THEREFORE ORDERED** that:

(1) The motion **(#9)** to remand the action to state court is **DENIED**.

(2) The motion **(#20)** to seal the spreadsheet **(#21)** is **GRANTED.**

Dated this 18th day of December, 2008

                                                 **BY THE COURT:**

                                                 Marcia S. Krieger
                                                 United States District Judge