IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02103-MSK-CBS

ADVANTGARDE SURGICAL, INC., a Colorado corporation, and
ADVANCED SURGICAL SUPPORT, INC., a Colorado corporation,

    Plaintiffs,

v.

ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., a Colorado corporation,
  d/b/a Anthem Blue Cross and Blue Shield, and
HMO COLORADO, INC., a Colorado corporation,

    Defendants.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER comes before the Court on Defendants' Motion to Dismiss **(#7)**, to which Plaintiffs responded **(#10)** and Defendants replied **(#18)**. Having considered the same, the Court **FINDS** and **CONCLUDES** that:

Plaintiffs commenced this action in the El Paso County District Court seeking to recover payment for surgical services provided during procedures for patients covered under Defendants' insurance policies. The Amended Complaint **(#1-6)** alleges violations of Colorado state law; no federal claims are asserted. Defendants removed the case on the basis of complete preemption under the Employment Retirement Income Security Act ("ERISA"). The complete preemption doctrine provides that if a plaintiff could have brought the claims asserted under ERISA

§502(a)(1)(B)[1] and the defendant's alleged actions do not implicate any other independent legal duty, then the plaintiff's cause of action is converted to an action arising under federal law and removal to federal court is appropriate. *See Felix v. Lucent Tech.*, 387 F.3d 1146, 1155–56 (10th Cir. 2004). Plaintiffs filed a motion to remand **(#9)** arguing that the removal was not timely, but did not challenge Defendants' assertion of ERISA preemption. This Court denied the motion to remand **(#25)** concluding that the removal was timely.

Ordinarily on a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court would review the complaint to determine whether it contains enough facts to make the claim "plausible on its face", *i.e.*, that it contains "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and "raise[s] a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In this case, however, the procedural history of the case presents an anomaly.

The Amended Complaint does not directly state any federal claim. The Defendants removed the case contending that claim for payment includes services that were provided under an ERISA regulated plan. In essence, the Defendants contended that the ERISA claims were embedded in the claims asserted under state law. Now, the Defendants seek to dismiss such ERISA claims because they were not expressly stated.

The Plaintiffs did not contest this Court's subject matter jurisdiction in conjunction with

---

[1] ERISA § 502(a)(1)(B) provides that a civil action may be brought:
by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . .
29 U.S.C. § 1132(a)(1)(B)

removal. They objected to removal only as to its timeliness. However, even in response to this Motion, they have not sought to amend their Amended Complaint to expressly state an ERISA claim. Instead, they respond that Defendants' argument is premature because discovery is needed to determine which claims arise out of ERISA plans. The information necessary to determine whether there are ERISA claims should be within the Plaintiff's control.

In determining a motion to dismiss, especially one premised upon Fed. R. Civ. P 12(b)(6), the Court must have appropriate subject matter jurisdiction. Here, because the sole basis for exercise of federal subject matter jurisdiction are potential ERISA claims, and the parties' positions with regard to that issue are in flux[2], it is inappropriate to determine the merits of the motion to dismiss.

**IT IS THEREFORE ORDERED** that:

(1) Defendants' Motion to Dismiss **(#7)** is **DENIED, WITHOUT PREJUDICE**.

(2) Plaintiffs shall have twenty-one days to move to remand for lack of subject matter jurisdiction or to amend the Amended Complaint to state claims under ERISA. In the event Plaintiffs file a motion to remand, Defendants shall have fourteen days thereafter to respond, and Plaintiffs shall have fourteen days in which to reply. In

---

[2] The position taken by the Defendants in removal of the action and in this motion are arguably inconsistent; the Plaintiff's position as to subject matter jurisdiction is unknown.

the event that the Plaintiffs further amend, the Defendants will have 14 days to respond.

Dated this 28th day of September, 2009

                                       **BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge